IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MONIQUE N. BRADY,

       Petitioner,

v.                                  Case No. 4:23cv81-MW-MAL

COLLETTE PETERS, in her official
Capacity as Director or the Bureau of
Prisons; J. GABBY, in his official
capacity as Warden of FCI Tallahassee;
and DOES 1-10, inclusive

       Respondents
_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing a counseled petition for writ of habeas corpus on February 20, 2023, seeking declaratory and injunctive relief. ECF No. 1.[1] In the petition, she seeks an injunction requiring the BOP to transfer her to home confinement, and declaratory relief stating that Respondents' policies and practices regarding Covid-19 and their failure to equally apply Home Confinement Criteria and Guidance pursuant to the CARES Act violated the Fifth Amendment. *Id.* at 15.

---

[1] Petitioner named multiple individuals as Respondents, although the only proper respondent in a § 2241 petition is "the person having custody of the person detained." 28 U.S.C. § 2243; *Rumsfeld* v. Padilla, 542 U.S. 426, 434 (2004); *Gonzales-Corrales v. I.C.E.*, 522 F. App'x 619, 622 (11th Cir. 2013). In the case of an incarcerated petitioner, that person is the warden of the institution where the petitioner is incarcerated. Thus, the Warden of FCI Tallahassee was the only proper respondent.

In December of 2023, the Warden filed a response arguing the petition should be dismissed. ECF No. 11. Respondent maintained Petitioner did not exhaust her administrative remedies, she has no liberty interest in home confinement, and she did not establish an equal protection violation. Petitioner did not rebut Respondent's arguments, despite having been afforded the opportunity to do so.

The BOP website reflects that Petitioner is no longer incarcerated at F.C.I. Tallahassee, as she was when she filed the petition. Instead, she is supervised by the Residential Reentry Management (RRM) field office in New York, New York with a projected release date of April 20, 2024. *See* https://www.bop.gov/inmateloc// and https://www.bop.gov/locations/ccm/cnk/. BOP Officials have confirmed Petitioner is on home confinement in Rhode Island. Therefore, it appears the claims in her petition may be moot.

On February 26, 2024, the Court entered an order directing Petitioner, who is still represented by counsel, to show cause why the petition should not be dismissed as moot. ECF No. 12. The order also instructed Petitioner to file a notice of voluntary dismissal if she agreed the petition was moot. Petitioner was warned that failure to respond or comply with the order to address the issue of apparent mootness would result in a recommendation of dismissal of this case. Petitioner has not responded.

A trial court has inherent power to dismiss a case sua sponte for failure to prosecute. *Link v. Wabash R.R.*, 370 U.S. 626 (1962). Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to obey a court order, typically upon motion of the defendant. *See Moon v. Newsome*, 863 F.2d 835, 838 (11th Cir. 1989) (citing cases). Rule 41.1 of the Local Rules of the Northern District of Florida also authorizes the court to impose sanctions, up to and including dismissal, for failure to comply with a rule or court order. Thus, because Petitioner failed to respond to a Court order relevant to the continuation of the case, the petition should be dismissed without prejudice.

Accordingly, it is respectfully RECOMMENDED:

1.    Petitioner's petition under 28 U.S.C. § 2241, ECF No. 1, be **DISMISSED** without prejudice.

2.    The clerk be directed to close the case file.

At Gainesville, Florida on March 12, 2024.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

**NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any

<u>different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.